**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 22-25-WOB-CJS**

**RODNEY CARLISLE, JR.**                                                                       **PETITIONER**


**v.**                                **REPORT AND RECOMMENDATION**


**WARDEN ABBY MCINTIRE**                                                        **RESPONDENT**

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

On February 28, 2022, the Clerk of Court received and filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 from Petitioner Rodney Carlisle, Jr. (R. 1). Pursuant to local practice, this matter was referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). *See also* Rule 10 of the Rules Governing § 2254 Cases ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636."). Preliminary review of Carlisle's Petition revealed an issue as to timeliness and Carlisle was directed to show cause why his Petition should not be dismissed. (*See* R. 7). On April 3, 2023, Carlisle filed a Response to the Court's Show Cause Order. (R. 8).[1]

Having considered the showing by Carlisle, the Court has determined that Carlisle's Petition was not timely filed. Thus, "it plainly appears from the Petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases. Accordingly, it will be recommended that Carlisle's § 2254 Petition **be dismissed** and that no certificate of appealability issue.

---

[1] Although Carlisle titled his filing as a *Motion* for Show Cause (R. 8), it is actually his *Response* to the Court's Show Cause Order and the Court Clerk is instructed to modify the docket entry accordingly.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Carlisle was convicted by a jury in Kenton Circuit Court of three counts of first-degree trafficking in a controlled substance. *See Commonwealth v. Carlisle*, No. 2017-CR-01312, Kenton Circuit Court, Kenton County, Kentucky (CourtNet Docket).[2]  He was sentenced to a total of twenty years' imprisonment on December 13, 2018.[3]  *Id.*  Carlisle appealed to the Kentucky Supreme Court, which affirmed the trial court judgment on May 28, 2020.  (R. 1 at Page ID 3). Carlisle filed a petition for writ of certiorari with the United States Supreme Court, which was denied on February 22, 2021.  (R. 1 at Page ID 4).

As explained in this Court's March 13, 2023 Corrected Order (R. 7), Carlisle's Petition appeared to be time barred.  (R. 7).  The Court evaluated Carlisle's circumstances under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), noting that Carlisle's limitations period to file his § 2254 Petition expired on February 22, 2022.  (R. 7 at Page ID 39). Carlisle's Petition was initially mailed from Blackburn Correctional Complex sometime around February 8, 2022, but was addressed to an incorrect address and the Petition was returned to him by the Post Office with a postmark of February 17, 2022.  (R. 1-2 at Page ID 18).  Upon realizing the mistake, Carlisle submitted a new envelope to the Clerk's office at Covington that included the same Petition signed by him on February 8, 2022 and a photocopy of the original envelope that was returned to him.  (R. 1).  The photocopy of the envelope has a sticker that indicates the letter was not deliverable as addressed, and a handwritten note that reads "sent to wrong address please

---

[2]    The Court uses the dates contained within the docket in Carlisle's underlying criminal case, which docket was accessed using CourtNet 2.0.  The Court takes judicial notice of this court docket.  *See Chase v. Macauley,* 971 F.3d 582, 587 n.1 (6th Cir. 2020) (taking judicial notice of information from another court's website in a § 2254 case) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")).

[3]    The Kentucky Online Offender Lookup shows that Carlisle was paroled on September 10, 2022. *See* Kentucky Online Offender Lookup, https://kool.corrections.ky.gov (last visited July 28, 2023).

except [sic] this today." (R. 1-2). This mailing was received and filed by the Covington Clerk of Court's Office on February 28, 2022. (*Id.*). There is no postmark or date stamp from the correctional facility on the new envelope to show when Carlisle placed the Petition and photocopy of the returned envelope in the mail. By way of explanation, Carlisle sent a separate letter dated February 23, 2022, postmarked February 25, 2022, and received by the Clerk and filed on March 2, 2022, that states:

> I was given an information packet from the institution in regards to the Petition. The address to the Eastern District . . . was incorrect. I mail[ed] out the completed petition to the incorrect address and as a result missed my 1 year deadline. I have remailed my petition with a photo copy of the envelope that was returned to sender.

(R. 4).

Carlisle was given an opportunity to present legal argument and supporting documentary evidence for why his Petition received and filed February 28, 2022 should be considered timely. (*Id.*). Carlisle filed a Response. (R. 8). He asks the Court not to dismiss his Petition and attaches documents in support of that request. But as explained below, that Response fails to show cause why Carlisle's Petition should not be dismissed as time barred.

## II.    ANALYSIS

The first notice this Court had that Carlisle was filing a § 2254 Petition was the Clerk's February 28, 2022 receipt of Carlisle's remailed Petition. (R. 1). Carlisle does not dispute that his initial mailing of his Petition was returned to him as undeliverable due to an incorrect address. In his Response to Show Cause Order, Carlisle does provide the information packet from the Blackburn Correctional Complex that he relied upon that lists an incorrect mailing address for the Eastern District of Kentucky Clerk of Court. (*See* R. 8 at Page ID 51). The face sheet of that information packet reflects that it was "REVISED JUNE 2011." (*Id.* at Page ID 44).

Carlisle also provides with his Response receipts from Blackburn Correctional Complex for disbursements from his inmate account for the $5.00 Petition filing fee, copies, and postage. (R. 8-1 at Page ID 52-54). The filing fee receipt and copies receipt are both dated February 8, 2022 (*id.* at Page ID 52, 53) and the receipt for postage is signed by Carlisle on February 8, 2022 and by the "Chief Clerk" on February 10, 2022 (*id.* at Page ID 54). These documents would seem to support that Carlisle made his original mailing on or about either February 8, 2022 (which is the date he marked on the Petition that he signed it) or February 10, 2022 (when the "Chief Clerk" signed his receipt for postage); however, no documentation from the facility's mail room specifically was provided. More importantly, Carlisle does not provide any proof of the date that he remailed his Petition to the Court after it was returned to him. The original envelope has the undeliverable, return to sender stamp dated February 17, 2022, meaning there were still at least a few days left until the February 22, 2022 expiration of Carlisle's one-year filing deadline for him to have received and remailed the Petition to the correct address. But Carlisle does not provide this information and appears to accept that his remailing was late because he states in his separate letter dated February 23, 2022 (postmarked February 25, 2022 and received by the Clerk March 2, 2022), that the information packet provided to him by the prison had an incorrect address and "as a result [he] missed [his] 1 year deadline (Feb. 22, 2022)." (R. 4).

Carlisle's Response to Show Cause Order provides no case law or legal argument to excuse his late filing. He states he was unable to provide any legal argument due to "time constraints." (R. 8 at Page ID 41). The one-year limitations period of the AEDPA is not jurisdictional and can be excused if equitable tolling applies. But the Sixth Circuit has held that "[a]bsent compelling equitable considerations, a court should not extend [the AEDPA] limitations [period] by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

4

extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the [movant] retaining 'the ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Carlisle does not raise an explicit equitable tolling argument in his Petition, and in his Response, he only writes that "time constraints" limited his ability to quote any case law. (R. 8 at Page ID 41). While Carlisle might have demonstrated that he has been pursuing his rights diligently by remailing his Petition after the original was returned to him, he has not shown that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648. Courts have specifically held that mailing a habeas petition to the wrong court is "at best, a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling." *United States v. Henderson*, Nos. 3:09-cr-11-JMH-CJS & 3:13-cv-7254-JMH-CJS, 2013 WL 2325125, at *3 (E.D. Ky. May 28, 2013). In *Henderson*, the Court found that the defendant was not entitled to equitable tolling when he mailed his petition to an incorrect court and thus, his habeas petition was denied. *Id.* at *2. In support of that decision, the Court relied on *United States v. Kirkham*, a decision from the Fifth Circuit, and *White v. Keller*, a Middle District of North Carolina case collecting opinions across multiple circuits, to demonstrate that mailing a filing to the wrong court will not toll the federal habeas limitations period. *See United States v. Kirkham*, 365 F. App'x 539, 543 (5th Cir. 2010) and *White v. Keller*, No. 1:10cv534, 2011 WL 4104691, at *3-4 (M.D.N.C. Sept. 13, 2011).

These cases are analogous to Carlisle's. While Carlisle directed his Petition to the correct *court* (the Eastern District of Kentucky), he used an incorrect *address* that resulted in the return of his Petition. This appears to be a "garden variety" claim of excusable neglect that is insufficient to

justify application of the doctrine of equitable tolling. Thus, there has been no showing that the prison information form indicating an incorrect address for the Clerk of Court would be considered an "extraordinary circumstance" that would toll the AEDPA limitations period, and Carlisle's claims are untimely.

## III.    CERTIFICATE OF APPEALABILITY

Carlisle is not entitled to a Certificate of Appealability ("COA"). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the dismissal of Carlisle's § 2254 Petition on timeliness grounds or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon the entry of a final order in this matter.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that:

1.    Rodney Carlisle's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (R. 1) **be dismissed;**

2.    a Certificate of Appealability **be denied** in conjunction with the entry of a final order in this matter; and

3.    this case **be stricken** from the active docket of this Court.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (b) of the statute. *See also* Rule 8 of the Rules Governing Section 2254 Cases. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo*, by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 28th day of July, 2023.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

J:\DATA\habeas petitions\2254PrelimsSOL\22-25-WOB Carlisle R&R.docx

7